# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

SCOTT C. KRIENER,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

No. 16-CV-2045-LRR

**ORDER**

_____

## I. INTRODUCTION

The matter before the court is Plaintiff Scott C. Kriener's "Motion for Attorneys Fees Pursuant to 42 U.S.C. § 406(b)" ("Motion") (docket no. 23), which he filed on January 23, 2018.

## II. RELEVANT PROCEDURAL HISTORY

On May 11, 2016, Plaintiff filed his Complaint (docket no. 3) regarding Defendant Commissioner of Social Security's ("Commissioner") denial of disability benefits. The matter was briefed and, on March 1, 2017, the court reversed the Commissioner's decision and remanded the matter for further consideration. *See* March 1, 2017 Order (docket no. 16) at 9. On May 25, 2017, the court awarded Plaintiff $4,592.82 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* May 25, 2017 Order (docket no. 20) at 4. On December 16, 2017, the Commissioner sent Plaintiff a "Notice of Award," stating that he was entitled to disability benefits, including $60,055.00 in back benefits. *See* Exhibits in Support of Motion (docket no. 23-1) at 3-8. The Notice of Award also notified Plaintiff that the Commissioner was withholding $15,013.75 in potential attorney fees from Plaintiff's back benefits payment. *See id.* at 4.

In the Motion, Plaintiff's counsel requests payment of $9,013.75 in attorney fees pursuant to 42 U.S.C. § 406(b). *See* Motion at 1. On February 2, 2018, the Commissioner filed a Response (docket no. 24) stating that she does not object to the fees requested. *See* Response at 1. The Commissioner further notes that, if fees are awarded under both the EAJA and § 406(b), Plaintiff's counsel "must refund the amount of the smaller fee received to" Plaintiff. *See id*. at 5. Plaintiff did not file a reply, and the time for doing so has passed. The matter is fully submitted and ready for decision.

### III. ANALYSIS

#### A. *Applicable Law*

Pursuant to § 406(b), Plaintiff's counsel seek attorney fees established by a contingent-fee agreement entered into with Plaintiff. *See* Exhibits in Support of Motion at 1-2. "Whenever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25[%] of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has held that this provision allows for the payment of "contingent-fee agreements within the [25%] statutory ceiling." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-809 (2002). In this decision, however, the Supreme Court stated that § 406(b) requires that courts awarding fees independently review the contingency-fee agreements "to assure that they yield reasonable results in particular cases." *Id*. at 807. "In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant . . . ." *Id*. at 808. Fees awarded by the court may be paid directly to the claimant's attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 594-95 (2010) (citing 42 U.S.C. § 406(b)(1)(A)) ("It is true that the SSA makes fees awards under [§ 406(b)] payable directly to the prevailing claimant's attorney."). Finally,

pursuant to the Social Security Act, "where the claimant's attorney receives fees for the same work under both [§ 406(b)] and [the EAJA], the claimant's attorney [must refund] to the claimant the amount of the smaller fee." Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186.

### B. Application

Pursuant to *Gisbrecht*, the court has conducted an independent review of the contingent-fee arrangement in this matter. Plaintiff was awarded $60,055.00 in back benefits in this case. *See* Exhibits in Support of Motion at 4. Plaintiff's counsel seeks an award of $9,013.75 in attorney's fees. *See* Motion at 1. The requested amount is approximately 15% of Plaintiff's back benefits, well below the 25% cap contemplated by § 406(b). This award is also consistent with the Attorney Fee Agreement entered into by Plaintiff and his counsel. *See* Exhibits in Support of Motion at 1-2. Finally, the court notes that the Commissioner "withheld $15,013.75 from [Plaintiff's] past-due benefits to pay" attorney fees, *id*. at 4, and has no objection to the award requested, *see* Response at 4 (noting that the requested award "is approximately 15% of [P]laintiff's past due benefits").[1] Accordingly, the court finds that Plaintiff's counsel has established that the requested attorney fees are reasonable and non-excessive. Plaintiff's counsel must refund to Plaintiff the $4,592.82 fee previously collected under the EAJA.

### III. CONCLUSION

In light of the foregoing, **IT IS ORDERED**:

(1) The Motion (docket no. 23) is **GRANTED**;

(2) The Commissioner is **ORDERED** to pay attorney fees of $9,013.75 pursuant to the Social Security Act, 42 U.S.C. § 406(b);

---

[1] The court has also reviewed the record of hours spent representing Plaintiff submitted by Plaintiff's counsel and finds it also supports an award of attorney fees. *See* Exhibits in Support of Motion at 9.

3

(3) Plaintiff's counsel is **DIRECTED** to refund to Plaintiff the $4,592.82 fee previously awarded under the EAJA.

**IT IS SO ORDERED.**

**DATED** this 26th day of February, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA